UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>VIACELL, INC., a Delaware corporation, OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., FEMPARTNERS, INC., a Delaware corporation and CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., a Massachusetts Nonprofit Corporation,<br><br>Defendant. | Civil Action No. 04-CV-11673 RWZ |

## OPPOSITION TO PLAINTIFF'S MOTION FOR AN INJUNCTION

Defendant ViaCell, Inc. ("ViaCell") submits the following opposition to the motion filed by plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem") for an injunction enjoining ViaCell from proceeding with the lawsuit ViaCell filed against PharmaStem in the District of Delaware, Civil Action No. 04-1335 (GMS).

## INTRODUCTION

PharmaStem's motion for a injunction should be denied. The motion turns entirely on an incorrect premise: that the claims ViaCell has asserted in its antitrust lawsuit in the District of Delaware are compulsory counterclaims in the patent infringement action PharmaStem filed against ViaCell (and other defendants) in this Court. Under firmly settled law – including decisions by the Supreme Court, the First Circuit, and a recent decision by Chief Judge Young of this Court – ViaCell's antitrust claims are <u>not</u> compulsory counterclaims. ViaCell had every right to file its antitrust claims as a new action in the District of Delaware. PharmaStem's arguments to the contrary are based on misreadings of the law and mischaracterizations of

1

LIBA/1430970.1

ViaCell's claims. Moreover, ViaCell's decision to file in Delaware was neither suspect nor nefarious; rather, ViaCell made the legitimate and appropriate determination to raise its claims before a Court that already had substantial experience with the issues presented.

## BACKGROUND

For the sake of convenience, ViaCell will not repeat here its discussion of the entire relevant background, which is set out in ViaCell's letter to the Court dated October 28, 2004. A copy of that letter is attached hereto as Exhibit A, and ViaCell incorporates the letter here in full. ViaCell will focus here on the facts that are most directly pertinent to the issue before the Court.

The lawsuit ViaCell filed against PharmaStem in the District of Delaware (the "Antitrust Action") raises several antitrust claims and related state-law claims. The central argument of ViaCell's antitrust claims is that PharmaStem's wrongful and exclusionary actions (including but not limited to its so-called "Amnesty Agreements" with doctors) improperly prevent doctors from taking actions that <u>do not infringe</u> and are beyond the scope of any of PharmaStem's patents. For example, in Paragraph 3 of the complaint, ViaCell alleges with respect to the Amnesty Agreements:

> In these wrongful agreements, PharmaStem agrees to drop all charges and/or not to file suit if the doctor or hospital agrees to a complete boycott of any private cord blood bank that has not signed one of PharmaStem's wrongful licenses. The terms of these "Amnesty Agreements," and the boycotts they impose, are far broader than any legitimate right to exclude PharmaStem may have for its patents. For example, the "Amnesty Agreements" purport to prohibit the mere collection of blood, but no claim of any PharmaStem patent is directly or indirectly infringed by mere collection. Thus, the "Amnesty Agreements" would prohibit doctors and hospitals from engaging in a broad array of <u>non-infringing</u> conduct.

*See* Exhibit B. In short, ViaCell's antitrust claims are premised on PharmaStem's efforts to misuse its patents to restrict non-patented and non-infringing conduct. The claims do not turn on whether PharmaStem's patents are or are not valid. Nor does it matter, for purposes of ViaCell's

claims, that certain doctors may infringes those patents in certain circumstances where they do more than merely collect cord blood and provide it to families who store it with ViaCell.

## ARGUMENT

I. **PHARMASTEM'S MOTION FOR AN INJUNCTION SHOULD BE DENIED.**

There is no basis for the injunction PharmaStem seeks.

### A. ViaCell's Antitrust Claims are Not Compulsory Counterclaims in the Action Pending in This Court.

PharmaStem's argument that ViaCell's antitrust claims in the Antitrust Action are compulsory counterclaims in the action pending before this Court is simply wrong. As ViaCell has already discussed in its October 28 Letter to the Court, ViaCell's claims arise from patent misuse, relating to PharmaStem's wrongful efforts to misuse its patents to restrain trade in non-patented conduct. *See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 136-37 (1969); *Transparent-Wrap Mach. Corp. v. Stokes & Smith Co.*, 329 U.S. 637, 640 (1947); *Ethyl Gasoline Corp. v. United States*, 309 U.S. 436, 456 (1940). Those claims to not turn on – or even allege – patent invalidity.

Under settled law that is controlling here, antitrust claims arising from patent <u>misuse</u> (such as ViaCell's claims) are <u>not</u> compulsory counterclaims. *See Mercoid Corp. v. Mid-Continent Inv. Co.*, 320 U.S. 661, 671 (1944) (antitrust claim based on patent misuse not compulsory counterclaim to patent infringement action); *Fowler v. Sponge Products Corp.*, 246 F.2d 223, 227 (1st Cir. 1957) (same); *Eon Laboratories, Inc. v. SmithKline Beecham Corp.*, 298 F.Supp.2d 175, 181 (D. Mass. 2003) (same); *and see Critical-Vac Filtration Corp. v. Minuteman Int'l, Inc.*, 233 F.3d 697 (2nd Cir. 2000) (outlining standard adopted in *Eon Laboratories*). Notably, ViaCell's claims would not be compulsory counterclaims under the law of the Third Circuit (which includes the District of Delaware) either. *See Xerox Corp. v. SCM Corp.*, 576

3

F.2d 1057 (3rd Cir. 1978) (patent infringement claim not compulsory counterclaim to antitrust lawsuit premised on patent misuse).[1]  Importantly, PharmaStem has not yet even addressed *Mercoid* or its progeny, despite having filed motions directed to this issue both in this Court and in Delaware.  The reason for that omission, of course, is that no response is possible.

PharmaStem also asserts that "ViaCell's Delaware claims would necessarily fail if PharmaStem prevails in this action, as ViaCell's claims rely on the alleged impossibility of provider patent liability . . . ."  (Motion, at 7)  While this argument, even if true, would not overcome the authority cited above, it is worth noting that this assertion, too, is wrong.  ViaCell's claims turn on the <u>overbreadth</u> of the "Amnesty Agreements," as shown above.  Whether or not the particular doctors PharmaStem sued in this Court are liable for infringing one or more of PharmaStem's patents, based on the specific facts unique to those situations, is irrelevant to determining that the Amnesty Agreements are overbroad because, for example, the mere collection of cord blood which they purport to prohibit is not covered by any of PharmaStem's patents.  *See generally In re K-Dur Antitrust Litigation*, __F.Supp.2d __, 2004 WL 2203844, at *10 (D.N.J. Sept. 29, 2004) ("Whether or not the [] patent was valid or infringed is an irrelevant question when determining whether agreements which grant rights in excess of those rights granted by the patent constitute anticompetitive conduct.").  In other words, the overbreadth issue raised in the Antitrust Action is not the same issue presented in this Court by PharmaStem's infringement claims.  For this reason as well, PharmaStem's efforts to label ViaCell's antitrust claims as compulsory counterclaims is unavailing.

---

[1]  While there is a split of authority about whether, under *Mercoid*, antitrust claims based on <u>patent invalidity</u> (<u>unlike</u> ViaCell's claims) may be compulsory counterclaims, that debate has no bearing on the issue before the Court here.

4

Lastly, the Court should be aware that while PharmaStem insists in this Court that "the close proximity of the parties' respective claims [means that] ViaCell's Delaware action has a substantial 'logical relationship' to this case," (Motion, at 7), PharmaStem has said <u>exactly the opposite</u> to other courts. Just four days ago, on November 11, PharmaStem told a Federal court in California in the case PharmaStem filed there that the defendant's counterclaims in that case "barely—and only immaterially—overlap with the subject matter of the Second Delaware Action [*i.e.,* ViaCell's Antitrust Action]. Patents are not being enforced in the Second Delaware Action. Thus, <u>there is no overlap of patent infringement subject matter</u> . . . ." *See* Exhibit C (emphasis added). This admission by PharmaStem is fatal to its motion (wholly aside from the *Mercoid* rule). Since there is "no overlap of patent infringement subject matter" with the Antitrust Action, there can be no basis for treating the Antitrust Action as a compulsory counterclaim here.[2]

### B.     There is No Need for the Court to Grant the Injunction

The Court should deny PharmaStem's motion for the additional reason that there is no need for this Court to reach out and grant injunctive relief on this issue. First, PharmaStem has raised these same arguments in the Antitrust Action itself. Judge Sleet can and will address those arguments in the course of those proceedings, without requiring the extraordinary relief of an injunction. Second, the MDL motion requesting that this case (and the other cases filed by PharmaStem) be transferred to the District of Delaware remains pending; if granted, that transfer will largely moot PharmaStem's motion.

---

[2]     ViaCell's October 28 Letter addresses PharmaStem's other arguments concerning ViaCell's purported "forum shopping" and the so-called "first filed rule." As shown in that letter, PharmaStem's arguments are meritless.

5

LIBA/1430970.1

### C. Judge Sleet's Views

At the hearing on PharmaStem's "emergency" motion for a temporary restraining order in this matter, this Court asked the parties to inform the Court of Judge Sleet's views about the propriety of having the Antitrust Action proceed in Delaware. During the November 3 hearing, and in a telephonic conference on November 2 for which there is no transcript, Judge Sleet indicated his view that, for efficiency and other reasons, these claims (and the other claims PharmaStem is asserting in other cases) probably should be before him in Delaware. *See, e.g.,* Transcript of 11/3/04 hearing, at 8-9, 185-194, attached hereto as Exhibit D.

For all these reasons, PharmaStem's motion for an injunction should be denied. ViaCell's antitrust claims are properly before the District of Delaware, and they should be permitted to remain there.

## CONCLUSION

PharmaStem's motion for an injunction should be denied.

Respectfully submitted,

VIACELL, INC.

/s/ Paul F. Ware, Jr.
Paul F. Ware, Jr., P.C. (BBO #516240)
John C. Englander, Esq. (BBO #542532)
Elaine Herrmann Blais, Esq. (BBO #656142)
Christopher T. Holding, Esq. (BBO #600627)
GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109
(617) 570-1000

Dated: November 15, 2004