UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>VIACELL, INC., a Delaware corporation, OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., FEMPARTNERS, INC., a Delaware corporation and CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., a Massachusetts Nonprofit Corporation,<br><br>Defendant. | Civil Action No. 04-CV-11673 RWZ |

## SURREPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN INJUNCTION

Defendant ViaCell, Inc. ("ViaCell") submits the following surreply to the motion filed by plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem") for an injunction enjoining ViaCell from proceeding with the lawsuit ViaCell filed against PharmaStem in the District of Delaware, Civil Action No. 04-1335 (GMS). ViaCell is compelled to file this surreply to respond specifically to four points in PharmaStem's reply.

First, while PharmaStem addresses the *Mercoid* doctrine for the first time in its reply, it completely misrepresents the holdings of the cases it cites. PharmaStem relies primarily on two cases not addressed in previous briefs, *Rohm and Haas Co. v. Brotech Corp.*, 770 F.Supp. 928 (D.Del. 1991) and *Schwarz Pharma, Inc. v. Teva Pharm., USA,* Civil Action No. 01-4995-DRD (D.N.J.). (Reply at 9-11) Neither case supports PharmaStem. To the contrary, both cases squarely recognize, affirm, and apply the distinction between antitrust claims based on patent misuse (such as ViaCell's claims here) which are not compulsory counterclaims, and antitrust

1

claims based on patent <u>invalidity</u> (<u>unlike</u> ViaCell's claims) which are compulsory counterclaims. *See Rohm and Haas*, 770 F.Supp. at 933 ("we find that the decisions . . . which limit the *Mercoid* holding to antitrust cases involving patent misuse, constitute persuasive authority"); *id.* (describing the "*Mercoid* rule that antitrust claims based on patent misuse may be raised in a subsequent action"); *Schwarz Pharma*, slip. op. at 17 (stating that it was following *Critical-Vac* and *Rohm and Haas* in interpreting *Mercoid*); *id.* at 22 (describing *Critical-Vac*'s holding that "antitrust counterclaims based on patent misuse are not compulsory"). That is the very distinction that ViaCell has briefed, and that PharmaStem is trying vainly to blur. In both *Rohm and Haas* and *Schwarz Pharma*, the courts held that the antitrust claims at issue were compulsory counterclaims because the claims there were based on patent invalidity, not patent misuse. *See Rohm and Haas*, 770 F.Supp. at 929; *Schwarz Pharma*, slip. op. at 23-24. By contrast, ViaCell's claims in this case are based on patent misuse, not patent invalidity, as ViaCell already has explained in detail.

<u>Second</u>, PharmaStem's reply deliberately mischaracterizes ViaCell's antitrust complaint. PharmaStem distorted the language of the complaint (by omitting language) to create the false impression that ViaCell's antitrust claims address exactly the same subject matter as PharmaStem's patent claims pending in this Court, when they do not. On page 5 of its reply, PharmaStem selectively quotes a portion of Paragraph 42 of the ViaCell's amended complaint, intentionally omitting key language. What the paragraph actually alleges (with the language PharmaStem omitted shown by underlining), is:

> Under no proper interpretation of any claim of the PharmaStem Patents would an obstetrician be liable for patent infringement <u>based merely on collecting umbilical cord blood at the time of a delivery and providing it to the patient for the patient's shipment to a private cord blood bank</u>. PharmaStem does not hold a good faith belief that such conduct by physicians could provide a basis for infringement liability.

2

As this shows, ViaCell has <u>not</u> alleged that no physician could ever be liable under any circumstances for infringing PharmaStem's patents.  Rather, its antitrust claims relate to the <u>overbreadth</u> of PharmaStem's conduct in trying to restrict conduct that is not patented and is non-infringing.  PharmaStem's conduct constitutes patent misuse (and, as a result, claims based on such conduct are not compulsory counterclaims).

<u>Third</u>, PharmaStem still has failed to show why this Court should reach out through the extraordinary remedy of injunctive relief to enjoin proceedings in another federal court.  The identical compulsory counterclaim issue is before Judge Sleet, and Judge Sleet's extensive experience with the parties and the claims make him well situated to address the issue.  ViaCell respectfully submits that there are good prudential reasons for deferring to Judge Sleet on this matter, and PharmaStem has offered nothing to the contrary.

<u>Fourth</u>, ViaCell's reply is filled with other factual assertions (not contained in its original motion) that are patently false.  While ViaCell will not address these intentional distortions item by item, one example may suffice to prove the point.  On page 3 of its reply, PharmaStem claims that its supposedly "pioneering patent emerged from reexamination with its broad scope intact, validating the broad scope of its entire family of patents."  In fact, the claims in PharmaStem's patents were <u>rejected</u> in the reexamination, and PharmaStem was compelled to substantially rewrite and limit its claims before the Patent office would issue the patent.[1]  Unfortunately, there are too many examples of such (mis)advocacy to leave them without response.

---

[1] To the extent the Court is interested in this issue, the following table compares the original language, and the language after reexamination, of Claim 1 of the patent at issue, which demonstrates the narrowing limitations (which are in italics):

## CONCLUSION

PharmaStem's motion for an injunction should be denied.

> Respectfully submitted,
>
> VIACELL, INC.
>
>  /s/ Paul F. Ware, Jr.
> Paul F. Ware, Jr., P.C. (BBO #516240)
> John C. Englander, Esq. (BBO #542532)
> Elaine Herrmann Blais, Esq. (BBO #656142)
> Christopher T. Holding, Esq. (BBO #600627)
> GOODWIN PROCTER LLP
> Exchange Place
> Boston, MA 02109
> (617) 570-1000

Dated: December 6, 2004

LIBA/1437231.1

| Original Claim 1 of the '681 Patent | Reexamined Claim 1 of the '681 Patent |
|---|---|
| 1. A composition comprising:<br>   (a) a plurality of viable human neonatal or fetal hematopoietic stem cells derived from the blood; and<br>   (b) a cryopreservative. | 1. A *cryopreserved therapeutic* composition comprising viable human neonatal or fetal hematopoietic stem cells derived from the *umbilical cord* blood *or placental* blood *of a single human collected at the birth of said human, in which said cells are present in an amount sufficient to effect hematopoietic reconstitution of a human adult;* and *an amount of* cryopreservative *sufficient for cryopreservation of said cells*. |