## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> VIACELL, INC., OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., FEMPARTNERS, INC., and CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC., <br><br> Defendants. | CIVIL ACTION NO. 04-11673 (RWZ) |

### CSEMC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

For its answer and defense, defendant Caritas St. Elizabeth's Medical Center of Boston, Inc. ("CSEMC") responds to the numbered paragraphs of the Amended Complaint for Patent Infringement and Demand for Jury Trial ("Amended Complaint") filed by plaintiff PharmaStem Therapeutics, Inc. ("plaintiff") as follows:

### THE PARTIES

1. Admitted on information and belief.

2. CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2.

3. CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 3.

4. CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 4.

     5.     CSEMC admits that it is a Massachusetts non-profit corporation with its principal place of business located at 736 Cambridge Street, Boston, Massachusetts, 02135.

## JURISDICTION AND VENUE

     6.     Admitted.

     7.     CSEMC admits that venue and personal jurisdiction are proper in this district but otherwise denies the remaining allegations of paragraph 7.

     8.     CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 8.

## PLAINTIFF'S PATENTS

     9.     CSEMC admits that the copy of the '645 patent as appended to the Amended Complaint states that plaintiff is the registered assignee of the '645 patent, that the application that led to the '645 patent was filed on May 16, 1990, and that the '645 patent issued on October 8, 2002. CSEMC denies the remaining allegations of paragraph 9.

     10.     CSEMC admits that the copy of the '427 patent as appended to the Amended Complaint states that plaintiff is the registered assignee of the '427 patent, that the application that led to the '427 patent was filed on May 16, 1995, and that the '427 patent issued on May 27, 2003. CSEMC denies the remaining allegations of paragraph 10.

     11.     CSEMC admits that the '645 and '427 patents are official documents that speak for themselves, and thus denies any characterizations thereof. CSEMC further states that the allegations of paragraph 11 pertain to claim construction which is an issue of law.

## PATENT INFRINGEMENT

     12.     CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 12.

     13.     CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 13.

     14.     CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 14.

     15.     Denied.

## FIRST CAUSE OF ACTION
**(Infringement of the '645 Patent)**

16. CSEMC realleges each and every response set forth in paragraphs 1 through 15 and incorporates them herein by reference.

17. CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 18.

19. CSEMC states that it is without information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 19.

## SECOND CAUSE OF ACTION
**(Infringement of the '427 Patent)**

20. CSEMC realleges each and every response set forth in paragraphs 1 through 19 and incorporates them herein by reference.

21. Denied.

22. Denied.

23. Denied.

## PRAYER FOR RELIEF

CSEMC states that all requested relief should be denied.

## AFFIRMATIVE DEFENSES

As and for further defenses to this action, CSEMC states:

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The '427 patent is invalid because it fails to comply with the requirements of the patent laws of the United States, Title 35, United States Code Annotated, including, without limitation, §§ 101, *et seq*.

### THIRD DEFENSE

CSEMC has not engaged and does not engage in any activities that infringe, contribute to the infringement, or induce infringement of any valid and enforceable claim of the '427 patent.

### FOURTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of prosecution history estoppel.

### FIFTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.

### SIXTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of res judicata or claim preclusion.

### SEVENTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of unclean hands and/or patent misuse.

### EIGHTH DEFENSE

Some or all of plaintiff's claims are barred by the doctrine of absolute and/or equitable intervening rights.

### NINTH DEFENSE

CSEMC has not yet ascertained whether the '427 patent was obtained through fraudulent or inequitable conduct. Accordingly, CSEMC reserves the right to plead a defense based on fraud or inequitable conduct.

### TENTH DEFENSE

Plaintiff is barred by 35 U.S.C. § 287 from recovering damages for any alleged infringement of the '427 patent that occurred before the filing of the Amended Complaint and notification to CSEMC alleging infringement of the '427 patent.

## ELEVENTH DEFENSE

Pursuant to M.G.L. c. 231, § 85K, CSEMC states that it is a non-profit institution and, therefore, immune from liability in this matter, except in limited amount.

## TWELFTH DEFENSE

CSEMC states that if plaintiff suffered injuries or damages as alleged, such injuries were caused by someone for whose conduct CSEMC was not or is not legally responsible.

CARITAS ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC.,

By its attorneys,

/s/ Elaine Herrmann Blais

Paul F. Ware, Jr., P.C. (BBO # 516240)
John C. Englander (BBO # 542532)
Elaine Herrmann Blais (BBO # 656142)
GOODWIN PROCTER, LLP
Exchange Place
Boston, MA  02109
(617) 570-1000

Dated:  December 16, 2004

LIBA/1416260.4