UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| PHARMASTEM THERAPEUTICS, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>   v.<br><br>VIACELL, INC., a Delaware corporation, OBSTETRICAL AND GYNECOLOGICAL ASSOCIATES, P.A., and FEMPARTNERS, INC., a Delaware corporation,<br><br>            Defendants. | Civil Action No.: 04-CV-11673-RWZ |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION
TO STAY PROCEEDINGS**

Plaintiff PharmaStem Therapeutics, Inc. ("PharmaStem") opposes ViaCell, Inc.'s ("ViaCell"), Obstetrical Gynecological Associates, P.A.'s , FemPartners, Inc.'s, and Caritas St. Elizabeth's Medical Center of Boston, Inc.'s, (collectively "Defendants") motion for the extraordinary relief of an indefinite general stay of these proceedings pending resolution of a motion before the Judicial Panel on Multidistrict Litigation ("JPML") for the following two reasons: (1) stays of underlying actions are not generally justified by the pendency of a motion to transfer before the JPML, and (2) in this case, a stay would prejudice PharmaStem and would not result in the efficient administration of justice.

## I.  INTRODUCTION

Defendants have avoided addressing the simple, central question in this matter, which is whether a general stay of this case pending a decision by the JPML is warranted. The law on this issue is clear: a general stay pending decision by the JPML is generally not warranted, as many motions can and should be resolved while a decision by the JPML is pending. Accordingly, a blanket stay of the case would only cause unnecessary delay and prejudice PharmaStem. PharmaStem thus respectfully requests that this Court decline to issue a general stay of this case, and allow initial disclosures, discovery, and appropriate motions to go forward while the parties await the JPML's decision on the motion to transfer.

## II.  FACTUAL BACKGROUND

PharmaStem brought this suit for infringement of U.S. Patent Nos. 6,461,645 ("'645 Patent") and 6,569,427 ("'427 Patent") on July 28, 2004. The '645 Patent expires on April 1, 2008 and the '427 Patent expires on March 8, 2010. After seeking multiple extensions, Defendants answered PharmaStem's complaint on December 16, 2004. The only motion pending in this case (other than the instant motion) is PharmaStem's motion for an injunction enjoining defendant ViaCell, Inc. from taking further action in Action No. 04-1334-GMS in the U.S. District Court for the District of Delaware. Docket No. 17.

On October 26, 2004, Defendants, along with parties to several other lawsuits involving PharmaStem, brought a motion before the JPML seeking to consolidate pretrial proceedings in various cases to the District Court for the District of Delaware. One of the cases that the parties seek to have consolidated is a 2002 patent infringement action in Delaware involving different patents, in which all outstanding issues have already been resolved and which will now be the subject of appeal. Thus, there is currently no case pending in Delaware other than the antitrust

action which is the subject of the motion for an injunction brought by PharmaStem in this Court.

The other cases the parties have asked the JPML to transfer and consolidate for pretrial proceedings involve different defendants, include different claims and counterclaims that arise under the laws of different states, are governed by the standards of different Federal Circuit Courts, and will be resolved on different evidence. On these grounds, *inter alia,* PharmaStem opposed the motion for transfer and requested oral argument. Initial briefing before the JPML is concluded and a hearing has been set for January 27, 2005.

### III.   ARGUMENT

**A.   A DISTRICT COURT SHOULD NOT GENERALLY SUSPEND PROCEEDINGS PENDING DECISION ON A MOTION TO TRANSFER BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION.**

The issue raised by Defendants' motion is squarely addressed by the Manual for Complex Litigation, Fourth Edition. Regarding how a potential transferor court should proceed in light of a pending petition before the JPML, it states the following:

> The transferor court should not automatically stay discovery […]. Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings.

Manual for Complex Litigation, Fourth § 20.131 (internal citations omitted).[1] The manual further sets forth specific guidelines for motions raising issues unique to the potential transferor court's case, such as the motion pending here.

> When notified of the filing of a motion to transfer […] matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer.

---

[1] A true and correct copy of the portion of the Manual for Complex Litigation, Fourth cited in this brief is attached hereto as Exhibit A.

*Id.* (internal citations omitted).  Here, the only motion before this case is PharmaStem's motion for an injunction.  This motion undeniably "rais[es] issues unique to [this] particular case" and as such, should not be subject to a general stay.  *See id.*

A court must "maintain an even balance" when deciding whether to issue a stay, stopping the progress of the case.  *Landis v. North American Co.,* 299 U.S. 248, 254-55 (1936).  The "mere pendency of a motion before the Panel does not affect or suspend orders and discovery proceedings in the transferor district court and does not in any way limit the jurisdiction of the transferor court to rule upon matters properly presented to it for decision."  *In re Air Crash Disaster at Paris, France,* 376 F. Supp. 887, 888 (J.P.M.L. 1974); 28 U.S.C.A. § 1407.  In other words, the Court should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings simply because one party has made a motion to the JPML for transfer and consolidation.  *See id.;* Manual For Complex Litigation, Fourth, § 20.131.  To the extent that issues arise that the Court feels should not be ruled upon pending the decision by the JPML, the Court is certainly capable of deciding whether to withhold ruling on those individual issues on a case-by-case basis.

**B.    A STAY SHOULD NOT ISSUE IN THIS CASE BECAUSE STAYING THIS CASE WOULD PREJUDICE PHARMASTEM, WOULD NOT PROMOTE JUDICIAL EFFICIENCY, AND WOULD NOT LESSEN THE BURDEN ON THE PARTIES AND THE COURTS.**

In determining whether a case should be stayed, the court must "weigh competing interests and maintain an even balance."  *Landis,* 299 U.S. at 254-55.  Those interests include the hardship or inequity a party may face if a stay does or does not issue, as well as the economy of time and effort for the Court.  Each of these factors weighs against granting the indefinite stay defendants unilaterally seek.

4

It is clear that any inequity in granting an indefinite general stay in this case would accrue only against PharmaStem and would work no hardship at all on defendants. PharmaStem has filed a motion to enjoin defendant ViaCell from pursuing parallel claims in the District of Delaware. Docket No. 17. This motion is fully briefed and ripe for decision. On the other hand, Defendants have no pending motions (other than this one) before the Court, and are plainly attempting to avoid ruling on PharmaStem's motion. Decision on this motion in PharmaStem's favor could simplify the case if it is transferred elsewhere. While it is unclear when or how the JPML may eventually rule on the motion to transfer, in the meantime, PharmaStem has a right to pursue its action in the District of Massachusetts, the forum in which it filed the action.

A general stay of all proceedings in this case is the equivalent of operating with a chainsaw when a scalpel is available, and would only delay the ultimate resolution of PharmaStem's infringement claims. While it may be appropriate to withhold ruling on certain motions until after the JPML rules, it could hardly be less appropriate to stay initial discovery, disclosures, and case management conferences pending a motion before the JPML to transfer and consolidate a case for *pretrial* proceedings. Many of the issues involved in this litigation are dependent on facts specific to the defendants in this litigation. None of the defendants to this suit are defendants in any other currently-active patent suit pending before the JPML so there would be little, if any duplication of effort or expense. Moreover, even if the JPML *does* temporarily transfer the case and consolidate pretrial proceedings, the case will return to this Court for trial. As to motions, this Court certainly can choose to issue rulings or withhold them on an issue-by-issue basis pending a decision by the JPML on the motion to transfer, where that is appropriate.

In addition, although defendants have glossed over this fact, it is important to note that the length of the stay defendants seek is *indefinite*. Neither defendants nor PharmaStem can

know how long it may take the JPML to issue a ruling, yet defendants have provided no timeframe for their request. Although the motion to transfer before the JPML has been fully briefed and oral argument has been set for January 27, 2005, the litigants cannot know how much longer it may take for the JPML to issue a ruling after argument.

If a stay issues, each day that goes by further prejudices PharmaStem by delaying PharmaStem enforcement of the rights it has been granted by the U.S. Patent and Trademark Office. PharmaStem's patents asserted in this action are only enforceable against infringers for a limited period of time -- one of the patents in this action will expire in just over three years. The patents' value is wholly contingent upon their enforcement, and time is of the essence. In contrast, there is no harm to either defendants or to PharmaStem if this case remains moving forward toward resolution. If the JPML does not transfer the case, a stay would result in PharmaStem losing valuable time to pursue discovery regarding defendants' infringement of its patents, and would also have inevitably delayed the ultimate resolution of PharmaStem's claims.

## IV.   CONCLUSION

For all of the reasons set forth above, PharmaStem respectfully requests that the Court deny Defendants' motion to stay this case.

|  |  |
|---|---|
|  | Respectfully submitted,<br>PHARMASTEM THERAPEUTICS, INC.<br>By its attorneys,<br><br>/s/ Edward W. Little, Jr.<br>Daniel J. Kelly, B.B.O. # 553926<br>dkelly@ghlaw.com<br>Edward W. Little, Jr., B.B.O. # 628985<br>elittle@ghlaw.com<br>Gadsby Hannah LLP<br>225 Franklin Street<br>Boston, MA  02110 |
| Dated:  December 27, 2004 | 617-345-7000 |

OF COUNSEL:
Paul J. Andre, CA Bar No. 196585
Lisa Kobialka, CA Bar No. 191404
Perkins Coie LLP
101 Jefferson Drive
Menlo Park, CA  94025-1114
Telephone:  (650) 838-4300
Facsimile:  (650) 838-4350

### CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and accurate copy of <u>Plaintiff's Opposition to Defendants' Motion to Stay Proceedings</u> to be served upon counsel of record as follows:

By e-mail notification:

| | |
|---|---|
| Elaine Hermann Blais | eblais@goodwinproctor.com |
| John C. Englander | jenglander@goodwinproctor.com |
| Paul F. Ware | pware@goodwinprotor.com |
| | /s/ Edward W. Little, Jr. |
| Dated:  December 27, 2004 | Edward E. Little, Jr. |

7

P0205346v1