# Manual for Complex Litigation, Fourth

Federal Judicial Center 2004

## 20.12 Cases in Different Federal Courts

Related cases pending in different federal courts may be consolidated in a single district by a transfer of venue. Under 28 U.S.C. § 1404(a), the court may, "[f]or the convenience of parties and witnesses, in the interest of justice ... transfer any civil action to any other district or division where it might have been brought."[640] Plaintiffs' choice of forum is, however, entitled to substantial deference.[641]

## 20.13 Multidistrict Transfers Under Section 1407

.131 Requests for Transfer 219
.132 During Period of Transfer 221
.133 Remand 225

The Judicial Panel on Multidistrict Litigation ("the Panel") is authorized to transfer civil actions pending in more than one district involving one or more common questions of fact to any district for coordinated or consolidated pretrial proceedings upon the Panel's determination that transfer "will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions."[642] The Panel's authority is not subject to venue restrictions[643]—it extends to most civil actions[644] and, with one statutory exception, only to transfer for pretrial proceedings (as of December 2003).[645]

### 20.131 Requests for Transfer

Transfer proceedings may be initiated by one of the parties or by the Panel itself, although the latter procedure is ordinarily used only for "tag-along" cases (transfer on the request of a person not a party in one or more of the

---

640. For the implications of the phrase "where it might have been brought," see *infra* note 649.
641. *See* Gulf Oil Co. v. Gilbert, 330 U.S. 501, 508 (1947).
642. 28 U.S.C. § 1407 (West 2003).
643. *In re* N.Y. City Mun. Sec. Litig., 572 F.2d 49 (2d Cir. 1978).
644. Antitrust actions brought by the United States are exempt from the Panel's power, 28 U.S.C. § 1407(g) (West 2002), as are injunctive actions instituted by the Securities and Exchange Commission unless the SEC consents to consolidation, 15 U.S.C. § 78u(g) (2000).
645. *See infra* section 20.132 and text accompanying notes 666–71. *Parens patriae* antitrust actions brought by states under 15 U.S.C. § 15c(a)(1) may be transferred by the Panel for both pretrial and trial. 28 U.S.C. § 1407(h) (West 2002). The Panel can also designate the circuit court to hear appeals of federal agency rulings in certain instances in which petitions for review have been filed in multiple circuits. *Id.* § 2112(a)(3).

cases).[646] The Panel evaluates each group of cases proposed for multidistrict treatment on the cases' own facts in light of the statutory criteria. The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts.[647] As few as two cases may warrant multidistrict treatment,[648] although those advocating transfer bear a heavy burden of persuasion when there are only a few actions, particularly those involving the same parties and counsel.[649]

Occasionally, only certain claims in an action are related to multidistrict proceedings, or an action contains claims relating to more than one multidistrict docket (e.g., a plaintiff suing its broker over purchases of stock in two different companies, each of which is the subject of a separate multidistrict docket). Section 1407(a) authorizes the Panel to transfer only "civil actions," not claims; however, section 1407(a) also empowers the Panel to accomplish "partial" transfer by (1) transferring an action in its entirety to the transferee district, and (2) simultaneously remanding to the transferor district any claims for which transfer was not deemed appropriate, such as cross-claims, counter-claims, or third-party claims. If the "new" action containing the remanded claim in the transferor district is also appropriate for inclusion in a second transferee docket, the process can proceed one step further with simultaneous retransfer to the second docket's transferee district.

A transfer under section 1407 becomes effective when the order granting the transfer is filed in the office of the clerk of the transferee court. At that point, the jurisdiction of the transferor court ceases and the transferee court has exclusive jurisdiction.[650] During the pendency of a motion (or show cause order) for transfer, however, the court in which the action was filed retains jurisdiction over the case.[651]

The transferor court should not automatically stay discovery; it needs to consider provisions in local rules that may mandate early commencement of discovery, and an order modifying such provisions' impact on the litigation may be necessary. Nor should the court automatically postpone rulings on pending motions, or generally suspend further proceedings. When notified of

---

646. The Panel may order transfer on the request of a person not a party in one or more of the cases. *See, e.g., In re* Equity Funding Corp. Sec. Litig., 375 F. Supp. 1379, 1390 n.4 (J.P.M.L. 1974).

647. *See In re* Plumbing Fixture Cases, 298 F. Supp. 484 (J.P.M.L. 1968).

648. *See, e.g., In re* Clark Oil & Ref. Corp. Antitrust Litig., 364 F. Supp. 458 (J.P.M.L. 1973).

649. *See, e.g., In re* Scotch Whiskey, 299 F. Supp. 543 (J.P.M.L. 1969).

650. *In re Plumbing Fixture*, 298 F. Supp. 484. Unless altered by the transferee court, orders entered by the transferor court remain in effect.

651. J.P.M.L. R.P. 1.5; *In re* Four Seasons Sec. Laws Litig., 362 F. Supp. 574 (J.P.M.L. 1973).

the filing of a motion for transfer,[652] therefore, matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer. The Panel has sometimes delayed ruling on transfer to permit the court in which the case is pending to decide critical, fully briefed and argued motions. At the same time, it may be advisable to defer certain matters until the Panel has the opportunity to rule on transfer. For example, there would be little purpose in entering a scheduling order while a conditional order of transfer is pending. The court should, however, modify any previously scheduled dates for pretrial proceedings or trial as may be necessary to avoid giving the Panel a misleading picture of the status of the case.

More often, however, the Panel has held that the pendency of potentially dispositive motions is not an impediment to transfer of actions, because such motions can be addressed to the transferee judge for resolution after transfer. Furthermore, the pendency of motions raising questions common to related actions can itself be an additional justification for transfer.[653]

The Panel uses no single factor to select the transferee district,[654] but the Panel does consider where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges. Based on these factors, the Panel will designate a judge (on rare occasions, two judges) to whom the cases are then transferred for pretrial proceedings. The judge is usually a member of the transferee court, but occasionally the Panel selects a judge designated to sit specially in the transferee district on an intracircuit or intercircuit assignment.

### 20.132 During Period of Transfer

After the transfer, the transferee judge[655] exercises not only the judicial powers in the transferee district but also "the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated proceedings."[656] The Panel has no authority to direct transferee judges in the exercise of their powers and discretion in supervising multidis-

---

652. A copy of the motion is to be filed with the court where the action is pending. *See* J.P.M.L. R.P. 5.12(c).
653. *See, e.g., In re* Ivy, 901 F.2d 7, 9 (2d Cir. 1990).
654. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214–215 (1977).
655. *In re Plumbing Fixture*, 298 F. Supp. at 489.
656. 28 U.S.C. § 1407(b) (West 2003).