A CERTIFIED TRUE COPY

FEB 16 2005

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 16 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1660*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE PHARMASTEM THERAPEUTICS, INC., PATENT LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of the six actions listed on the attached Schedule A and pending in six districts as follows: one action each in the Central and Northern Districts of California, the District of Delaware, the Middle District of Florida, the District of Massachusetts, and the Eastern District of Pennsylvania.[1] The six actions all arise from efforts by PharmaStem Therapeutics, Inc. (Pharma) to enforce patents relating to the collection and storage of a newborn's umbilical cord blood and/or placenta for future therapeutic uses. The five actions pending outside the District of Delaware are patent infringement actions brought by Pharma, and the Delaware action is an unfair competition action brought against Pharma that is predicated in large part upon Pharma's allegedly illicit patent enforcement efforts. Now before the Panel is a motion, pursuant to 28 U.S.C. § 1407, brought by four cord blood collection companies and fifteen health care providers or facilities which are defendants in the various patent infringement actions (three of the four cord blood collection company movants are also the plaintiffs in the District of Delaware unfair competition action). Opposed to transfer are Pharma and two additional third-party defendants named in various actions: i) Pharma's chief executive (sued in the Northern District of California, the Middle District of Florida, and the Eastern District of Pennsylvania actions); and ii) Pharma licensee Stembanc, Inc., which is sued as a third-party defendant in the Northern District of California action. If the Panel orders centralization over two of these three parties' objections, then i) Pharma would favor centralization of the MDL-1660 actions in, in order of preference, the Northern District of California, the Central District of California, any other of the three districts where it has sued for patent infringement, or, lastly, the District of Delaware (but with assignment to a judge other than the judge to whom the constituent Delaware action is now assigned); and ii)

---

[1] The Section 1407 motion as filed before the Panel included an additional action pending in the District of Delaware, *PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.*, C.A. No. 1:02-148. Trial has occurred in this action and an appeal from the judgment entered in the action has been taken to the United States Court of Appeals for the Federal Circuit. Accordingly, the question of Section 1407 transfer for coordinated or consolidated pretrial proceedings with respect to this action is now moot. Should subsequent developments result in the return of the action for additional pretrial proceedings to the Delaware district (the court selected as the transferee district for this docket), the action may be considered as a potential tag-along action in accordance with Panel and local court rules. *See* Rule 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 436 (2001).

- 2 -

Stembanc expressly requests that the Panel sever and simultaneously remand to the Northern District of California the claims asserted against it in the Northern District of California action (if this request is denied, then Stembanc would support selection of the Northern District of California or the Northern District of Ohio as transferee district).

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the District of Delaware will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. At issue in each of the patent infringement actions brought by Pharma are Pharma patents that relate to compositions and methods for the preservation of stem cells derived from human umbilical cord blood. The sixth MDL-1660 action presents claims arising from allegations of patent misuse of the same patents and also raises issues similar to those that have been filed in counterclaims in several of the other MDL-1660 actions. All actions can thus be expected to share factual and legal questions concerning such matters as the technology underlying the patents, prior art, claim construction and issues of infringement involving the patents. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Parties opposing the motion before the Panel have argued, inter alia, that Section 1407 transfer should be denied because i) transfer would retard the progress of an earlier patent infringement action brought by Pharma in the District of Delaware (*supra*, note 1) that had been pending since 2002, had been the subject of one trial (whose verdicts were partially set aside pursuant to post-trial motions), and is now on appeal; ii) alternatives to 1407 transfer were available to address any common discovery matters and to prevent inconsistent pretrial rulings; and/or iii) transfer would be unduly burdensome or otherwise prejudicial. We are not persuaded by these contentions. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the benefit of placing all actions in this docket before a single judge who can structure pretrial proceedings to consider all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions. Furthermore, by choosing to centralize this litigation in the District of Delaware and to assign it to the judge before whom Pharma's 2002 Delaware infringement action was brought, we will be placing these actions before a transferee judge i) who is already familiar with many of the technological and legal issues posed by these actions, and ii) who will have the flexibility to structure any pretrial proceedings in the six current MDL-1660 actions with any pretrial proceedings that may later present themselves in the 2002 Delaware action (upon resolution of pending appeals), so that any common matters may be addressed jointly while still ensuring that any matters unique to the 2002 action or the six centralized MDL-1660 actions may proceed on their own separate tracks.

In seeking severance and remand of the third-party claims asserted against it, Stembanc argues that the uniqueness and/or simplicity of those claims renders their inclusion in MDL-1660 unnecessary or inadvisable. We are not persuaded by these contentions on the basis of the record now before us. As Section 1407 proceedings evolve in the transferee district, Stembanc may at some point wish to renew its arguments and to approach the transferee judge for a suggestion of remand. We note that whenever the transferee judge deems remand of any claims or actions appropriate, procedures are

- 3 -

available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38.

    IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending outside the District of Delaware are transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable Gregory M. Sleet for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

                                          FOR THE PANEL:

                                          Wm. Terrell Hodges
                                          Chairman

## SCHEDULE A

<u>MDL-1660 -- In re PharmaStem Therapeutics, Inc., Patent Litigation</u>

### <u>Central District of California</u>

*PharmaStem Therapeutics v. CureSource, Inc., et al.*, C.A. No. 8:04-921

### <u>Northern District of California</u>

*PharmaStem Therapeutics, Inc. v. Cord Blood Registry, Inc., et al.*, C.A. No. 3:04-3072

### <u>District of Delaware</u>

*ViaCell, Inc., et al. v. PharmaStem Therapeutics, Inc.*, C.A. No. 1:04-1335 GMS

### <u>Middle District of Florida</u>

*PharmaStem Therapeutics, Inc. v. Cryo-Cell International, Inc., et al.*, C.A. No. 8:04-1740

### <u>District of Massachusetts</u>

*PharmaStem Therapeutics, Inc. v. ViaCell, Inc., et al.*, C.A. No. 1:04-11673

### <u>Eastern District of Pennsylvania</u>

*PharmaStem Therapeutics, Inc. v. CorCell, Inc., et al.*, C.A. No. 2:04-3561

I hereby certify on that the foregoing document is true and correct copy of the document in the captioned case
☐ electronic docket in the captioned case
☐ electronically filed original filed on _____
☐ original filed in my office on _____
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts

By: _____
Deputy Clerk